IN THE UNITED STATES BANKRUPTCY COURT FOR THE
SOUTHERN DISTRICT OF MISSISSIPPI

IN RE:                                                                  CHAPTER 7

BETTY ANN MORRIS                         CASE NO. 1001648EE

UNITED STATES TRUSTEE

VS.                                                                  ADVERSARY NO. 100090

BETTY ANN MORRIS

| | |
|---|---|
| Martin D. Perkins<br>P. O. Box 16643<br>Jackson, MS 39236 | Attorney for Debtor |
| Ronald H. McAlpin<br>Assistant United States Trustee<br>501 East Court Street, Suite 6-430<br>Jackson, MS 39201 | Attorney for United States Trustee |

Edward Ellington, Judge

**FINDINGS OF FACT AND CONCLUSIONS OF LAW ON THE**
*UNITED STATES TRUSTEE'S MOTION FOR SUMMARY JUDGMENT*

      This matter came before the Court on the *United States Trustee's Motion for Summary Judgment*. After considering the motion and the brief, the Court finds for the following reasons that the motion is well taken and should be granted.

**FINDINGS OF FACT**

On June 28, 2002, Betty Ann Morris (Debtor) filed a petition for relief under Chapter 7 of the United States Bankruptcy Code, Case No. 0203598EE (2002 Case). In her 2002 Case, the Debtor received her *Discharge of Debtor* and the case was closed on October 25, 2002.

On May 6, 2010, the Debtor filed the above styled petition (2010 Petition) for relief under Chapter 7 of the Bankruptcy Code. On September 16, 2010, the United States Trustee (UST) filed his *United States Trustee's Complaint Objecting Discharge*. In his complaint, the UST requests that the Court enter a judgment declaring that since the Debtor had received a discharge in her 2002 Case and had filed her 2010 Case within eight (8) years of the filing of the 2002 Case, the Debtor was not entitled to receive a discharge pursuant to 11 U.S.C. § 727(a)(8)[1] in her 2010 Case. As an additional ground, the UST states that the Debtor is prohibited from receiving a discharge pursuant to § 727(a)(4)(A) due to her failure to disclose her 2002 Case.

In her *Answer to Adversary Proceeding and Motion to Dismiss*[2] (Answer) filed on October 27, 2010, the Debtor admits that she received a discharge in her 2002 Case and further admits that she is not entitled to a discharge in her current case pursuant to § 727(a)(8).[3]

The UST filed his *United States Trustee's Motion for Summary Judgment* (Motion) and *United States Trustee's Memorandum in Support of Motion for Partial Summary Judgment* on

---

[1] Hereinafter, all code sections refer to the Bankruptcy Code found at Title 11 of the United States Code unless specifically noted otherwise.

[2] The Debtor incorrectly included a motion to dismiss her bankruptcy petition in her response to the UST's complaint.

[3] *Answer to Adversary Proceeding and Motion to Dismiss,* Adversary No. 10-0090, Docket #5, ¶ 5 and ¶ 7, October 27, 2010.

2

February 18, 2011. In his Motion, the UST states that there are no questions of material fact as to Count 1 of his complaint, and therefore, the UST is entitled to a judgment denying the Debtor's discharge as a matter of law.

On February 22, 2011, the Court's *Notice Regarding Motion for Summary Judgment* was sent to the Debtor's attorney, Martin D. Perkins. The notice directed the Debtor's attention to Rule 7056-1 of the *Uniform Local Rules for the United States Bankruptcy Courts of the Northern and Southern Districts of Mississippi*. Local Rule 7056-1(3)(B) states that a respondent shall file his response and brief to a motion for summary judgment within 21 days of service of the motion. To date, the Debtor has failed to file a response to the motion for summary judgment or a brief.

## CONCLUSIONS OF LAW

### I.

This Court has jurisdiction of the subject matter and of the parties to this proceeding pursuant to 28 U.S.C. § 1334 and 28 U.S.C. § 157. This is a core proceeding as defined in 28 U.S.C. § 157(b)(2)(J).

### II.

Rule 56 of the Federal Rules of Civil Procedure[4] provides that in order to grant a motion for summary judgment, the court must find that "[t]he pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

---

[4]Federal Rule of Civil Procedure 56 is made applicable to bankruptcy proceedings pursuant to Federal Rule of Bankruptcy Procedure 7056.

In addition, when considering a motion for summary judgment, the court must view the pleadings and evidentiary material, and the reasonable inferences to be drawn therefrom, in the light most favorable to the non-moving party, and the motion should be granted only where there is no genuine issue of material fact. *Thatcher v. Brennan*, 657 F. Supp. 6, 7 (S.D. Miss. 1986), *aff'd*, 816 F.2d 675 (5th Cir. 1987)(citing *Walker v. U-Haul Co. of Miss.*, 734 F.2d 1068, 1070-71 (5th Cir. 1984)); *see also Matshushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587-88, 106 S.Ct. 1348, 1356-57, 89 L.Ed.2d 538, 553 (1986). Moreover,

> an adverse party may not rest upon the mere allegations of denials of the adverse party's pleadings, but the adverse party's response, by affidavits or as otherwise provided by this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Fed. R. Bankr. P. 7056(e).

The UST has proven that the Debtor's 2002 Case was filed on June 28, 2002, and that the Debtor's 2010 Case was commenced on May 6, 2010. Consequently, the Debtor filed her 2010 Case within eight (8) years of the filing of her 2002 Case. Based on the evidence presented to the Court by the UST in his Motion and brief and based on the Debtor's lack of a response to the Motion, the Court finds that there is no genuine issue of material fact and that the UST is entitled to a judgment as a matter of law. Therefore, the Court finds that summary judgment should be granted as to Count 1 of the UST's complaint. Consequently, the Court finds that the Debtor should be denied a discharge pursuant to § 727(a)(8).

## CONCLUSION

Based on the foregoing, the Court finds that summary judgment should be granted as there

is no genuine issue of material fact and that the UST is entitled to a judgment as a matter of law as to Count 1 of his complaint. Therefore, the Court finds that the Debtor should be denied a discharge pursuant to § 727(a)(8).

A separate judgment will be entered in accordance with Federal Rules of Bankruptcy Procedure 7054 and 9021.

*Edward Ellington*
Edward Ellington
United States Bankruptcy Judge
Dated: April 7, 2011